**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, NJ  07068-3701
Phone: 973/535-1600
Fax: 973/535-1698
Attorneys for Defendant, B.A.T. Wear, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.N.H. EXPORTS<br>                    Plaintiff,<br><br>v.<br><br>B.A.T. WEAR, INC., and ASIF RAJPUT, individually and as agent for B.A.T. WEAR, INC.,<br><br>                    Defendants.<br><br>And<br><br>B.A.T. Wear, Inc.<br><br>Defendant/Third Party Plaintiff<br>v.<br><br>TODD ELLNER, SYNERGY SHEETS, INC., SALINSKY SHEETS, INC. AND SHEET MAGIC, INC.<br><br>        Third Party Defendants. | Civil Action No.   06-3874 (AET)<br><br><br>**CIVIL ACTION**<br><br><br>**ANSWER, COUNTERCLAIM, CROSSCLAIM, THIRD PARTY COMPLAINT<br>AND JURY DEMAND** |

Defendant B.A.T. Wear, Inc. ("BAT Wear") by way of Answer to the Complaint of plaintiff M.N.H. Exports, says as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.    It is without sufficient information or knowledge to admit or deny the allegations contained in ¶1.

2.    It is without sufficient information or knowledge to admit or deny the allegations contained in ¶2.

3.    It is without sufficient information or knowledge to admit or deny the allegations contained in ¶3.

4.    It denies the allegations contained in ¶4.

5.    Except to state that BAT Wear is a New Jersey corporation with principal offices located at Ginesi Drive, Morganville, New Jersey 07751, it denies the allegations contained in ¶5.

6.    Except to state that BAT Wear is a New Jersey corporation with principal offices located at Ginesi Drive, Morganville, New Jersey 07751, it denies the allegations contained in ¶6.

7.    Except to state that defendant, Asif Rajput acted either individually or on behalf of plaintiff or other third parties, it denies the allegations contained in ¶7.

8.    Except to state that BAT Wear is in the business of manufacturing and importing apparel, it denies the allegations contained in ¶8.

9.    Except to state that BAT Wear and plaintiff entered into an agreement for the purchase of certain apparel, it denies the allegations contained in ¶9.

10.   Except to state that BAT Wear ordered certain apparel and the invoices relating to such apparel speak for themselves, it denies the allegations contained in ¶10.

2

11.  Except to state that certain goods were ordered by BAT Wear and shipped by plaintiff, it denies the allegations contained in ¶11.

12.  It denies the allegations contained in ¶12.

13.  It denies the allegations contained in ¶13.

14.  It denies the allegations contained in ¶14.

15.  It denies the allegations contained in ¶15.

## AS TO THE SECOND CAUSE OF ACTION

16.  BAT Wear repeats and reiterates its responses to the allegations contained in the First Count of plaintiff's Complaint as if same were set forth herein at length.

17.  Except to state that the terms of any agreement speak for themselves, it denies the allegations contained in ¶17.

18.  It denies the allegations contained in ¶18.

19.  It denies the allegations contained in ¶19.

## AS TO THE THIRD CAUSE OF ACTION

20.  BAT Wear repeats and reiterates its responses to the allegations contained in the First and Second Counts of plaintiff's Complaint as if same were set forth herein at length.

21.  Except to state that any invoices speak for themselves, it denies the allegations contained in ¶21.

22.  It denies the allegations contained in ¶22.

23.  It denies the allegations contained in ¶23.

3

24. It denies the allegations contained in ¶24.

25. It denies the allegations contained in ¶25.

## AS TO THE FOURTH CAUSE OF ACTION

26. BAT Wear repeats and reiterates its responses to the allegations contained in the First through Third Counts of plaintiff's Complaint as if same were set forth herein at length.

27. It denies the allegations contained in ¶27.

28. It denies the allegations contained in ¶28.

29. It denies the allegations contained in ¶29.

30. It denies the allegations contained in ¶30.

## AS TO THE FIFTH CAUSE OF ACTION

31. BAT Wear repeats and reiterates its responses to the allegations contained in the First through Fourth Counts of plaintiff's Complaint as if same were set forth herein at length.

32. It denies the allegations contained in ¶32.

33. Except to state that the terms of any purchase orders speak for themselves, it denies the allegations contained in ¶33.

34. It denies the allegations contained in ¶34.

35. It denies the allegations contained in ¶35.

36. It denies the allegations contained in ¶36.

37. It denies the allegations contained in ¶37.

4

854873.01

38.  It denies the allegations contained in ¶38.

39.  It denies the allegations contained in ¶39.

### AS TO THE SIXTH CAUSE OF ACTION

40.  BAT Wear repeats and reiterates its responses to the allegations contained in the First through Fifth Counts of plaintiff's Complaint as if same were set forth herein at length.

41.  It denies the allegations contained in ¶41.

42.  It denies the allegations contained in ¶42.

43.  It denies the allegations contained in ¶43.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim in its Complaint upon which relief may be granted.

### SECOND SEPARATE DEFENSE

All or part of the sums plaintiff seeks are precluded by the applicable terms, definitions, conditions, limitations and exclusions of its agreement(s) with this defendant.

### THIRD SEPARATE DEFENSE

To the extent plaintiff has suffered damages, it is the proximate result of the wrongful actions or omissions of third parties over whom this defendant has had no control.

5

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of its own negligence or other wrongful conduct.

854873.01

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of its illegal, unlawful, unlicensed or unpermitted performance of its agreement with this defendant.

**WHEREFORE**, defendant B.A.T. Wear, Inc. demands judgment dismissing plaintiff's Complaint with prejudice and with costs.

### COUNTERCLAIM, CROSSCLAIM AND THIRD PARTY COMPLAINT

B.A.T. Wear, Inc. ("BAT Wear") by way of Counterclaim against M.N.H. Exports, Inc. ("MNH"), Crossclaim against Asif Rajput ("Rajput") and Third Party Complaint against Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., says the following:

### FIRST COUNT

1.   BAT Wear incorporates by reference its Answer and Affirmative Defenses to plaintiff's Complaint as if set forth herein at length.

2.   Upon information and belief, MNH is a foreign corporation with a principal place of business located at 83 Babar Block, New Garden Town, Lahore, Pakistan.

3.   Upon information and belief, co-defendant Rajput is an individual, residing at B-66 Gulistan-E-Jauhar, Karachi, Pakistan.

7

4.     Upon information and belief, Todd Ellner ("Ellner") is an individual and is the principal of Synergy Sheets, Inc. ("Synergy"), Salinsky Sheets, Inc. ("Salinsky") and Sheet Magic, Inc. ("Sheet Magic"), domestic corporations.

5.     Upon information and belief, Synergy, Salinsky and Sheet Magic and Ellner are alter egos of each other and shall be collectively referred to as "Ellner".

6.     BAT Wear entered into an agreement with MNH for MNH to manufacture and ship to BAT Wear on a timely basis certain apparel.

7.     In connection with BAT Wear's agreement with MNH, BAT Wear also separately contracted with Ellner for inspection services in Pakistan relating to the goods to be manufactured and shipped by MNH.

8.     MNH breached its agreement with BAT Wear by shipping apparel of poor quality and in a manner where BAT Wear was unable to timely ship such apparel to its retail customers.

9.     Ellner breached his agreement with BAT Wear by failing to adequately inspect the goods produced and shipped by MNH.

10.   As a direct and proximate result of the breaches of contract, as set forth above by MNH and Ellner, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**,      defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against

8

plaintiff, M.N.H. Export, Inc. and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory damages, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

**SECOND COUNT**

11.  BAT Wear incorporates by reference the allegations set forth in the First Count of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

12.  By willfully and intentionally failing to perform their obligations under their agreements with BAT Wear, MNH and Ellner have breached their obligations of good faith and fair dealing.

13.  As a direct and proximate result of MNH's and Ellner's breach of the covenant of good faith and fair dealing, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc. and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory damages, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

9

## THIRD COUNT

14. BAT Wear incorporates by reference the allegations set forth in the First and Second Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

15. Rajput, in his individual capacity, represented that he would personally and individually inspect the goods that were to be produced and shipped by MNH to BAT Wear.

16. Ellner, similarly indicated that BAT Wear should engage Ellner for the purpose of inspecting the goods to be produced and shipped by MNH to BAT Wear. In connection, therewith, Ellner represented that he, his entities and agents would insure the quality, quantity and timeliness of shipments from MNH to BAT Wear.

17. At all relevant times, MNH represented to BAT Wear that it had the facilities, wherewithal and personnel to insure that it would produce quality apparel for BAT Wear in a timely fashion.

18. Rajput, Ellner and MNH knew or should have known that their representations were false when made.

19. BAT Wear relied upon the representations of Rajput, Ellner and MNH by placing orders for certain apparel with MNH, engaging for the inspection of such apparel and otherwise foregoing opportunities with other manufacturers. BAT Wear also

10

relied upon the above representations by entering into agreements with its customers for the sale of the apparel at issue here.

20. As a direct and proximate result of the misrepresentations by Rajput, Ellner and MNH, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc., co-defendant, Asif Rajput and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory damages, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

**FOURTH COUNT**

21. BAT Wear incorporates by reference the allegations set forth in the First through Third Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

22. As a direct and proximate result of the negligent misrepresentations by Rajput, Ellner and MNH, as set forth above, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against

11

plaintiff, M.N.H. Export, Inc., co-defendant, Asif Rajput and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory damages, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

### FIFTH COUNT

23. BAT Wear incorporates by reference the allegations set forth in the First through Fourth Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

24. BAT Wear has paid or caused to be paid significant sums to Rajput, Ellner and MNH, whose retention of such sums would be unjust under the circumstances.

25. As a direct and proximate result of Rajput's, Ellner's and MNH's unjust enrichment, as set forth above, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc. co-defendant, Asif Rajput and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory and punitive damages, rescission, declaring the agreements among and between BAT Wear, MNH, Ellner

12

854873.01

and Rajput to be void <u>ab</u> <u>initio</u>, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

### SIXTH COUNT

26. BAT Wear incorporates by reference the allegations set forth in the First through Fifth Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

27. In agreeing to perform manufacturing and/or inspection services for BAT Wear, Rajput, Ellner and MNH implicitly warranted that the work and/or services performed and apparel shipped to BAT Wear would be in good quality, free from faults and defects.

28. Rajput, Ellner and MNH are in breach of these various warranties.

29. As a direct and proximate result of Rajput's, Ellner's and MNH's breach of warranties, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc. co-defendant, Asif Rajput and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory and punitive damages, rescission,

13

declaring the agreements among and between BAT Wear, MNH, Ellner and Rajput to be void ab initio, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

### SEVENTH COUNT

30. BAT Wear incorporates by reference the allegations set forth in the First through Sixth Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

31. Rajput, Ellner and MNH knew or should have known of BAT Wear's intended prospective economic advantage by and through its business dealings with BAT Wear.

32. Notwithstanding that knowledge, Rajput, Ellner and MNH interfered with BAT Wear's prospective economic advantage.

33. Rajput's, Ellner's and MNH's tortious conduct was intentional with malice for the purpose of enriching themselves at the expense of BAT Wear.

34. As a direct and proximate result of Rajput, Ellner's and MNH's tortious interference with BAT Wear's prospective economic advantage, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc. co-defendant, Asif Rajput and

14

third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory and punitive damages, rescission, declaring the agreements among and between BAT Wear, MNH, Ellner and Rajput to be void ab initio, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

**EIGHTH COUNT**

35. BAT Wear incorporates by reference the allegations set forth in the First through Seventh Counts of its Counterclaim, Crossclaim and Third Party Complaint as if set forth herein at length.

36. Rajput, Ellner and MNH knew or should have known of BAT Wear's agreements with its own customers for the provision of apparel that was to be manufactured and shipped by MNH to BAT Wear.

37. Notwithstanding that knowledge, Rajput, Ellner and MNH tortiously interfered with the aforesaid agreements.

38. Rajput's, Ellner's and MNH's tortious conduct was intentional with malice for the purpose of enriching themselves at the expense of BAT Wear and did not constitute the exercise of an equal or superior right.

39. As a direct and proximate result of Rajput's, Ellner's and MNH's tortious interference with BAT Wear's contractual

15

relations, BAT Wear has suffered and continues to suffer damages.

**WHEREFORE**, defendant/counterclaimant/crossclaimant/third party defendant, B.A.T. Wear, Inc. demands judgment against plaintiff, M.N.H. Export, Inc. co-defendant, Asif Rajput and third party defendants, Todd Ellner, Synergy Sheets, Inc., Salinsky Sheets, Inc. and Sheet Magic, Inc., jointly and severally, for compensatory and punitive damages, rescission, declaring the agreements among and between BAT Wear, MNH, Ellner and Rajput to be void ab initio, interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

> GREENBAUM, ROWE, SMITH & DAVIS LLP
> Attorneys for Defendant,
> Counterclaimant, Crossclaimant and
> Third Party Plaintiff,
> B.A.T. Wear, Inc.

> By: /s/ Marc J. Gross
> MARC J. GROSS

Dated: October 19, 2006

16

854873.01

## JURY DEMAND

Defendant, Counterclaimant, Crossclaimant and Third Party Plaintiff, B.A.T. Wear, Inc. hereby demand a trial by jury as to all issues so triable.

> GREENBAUM, ROWE, SMITH & DAVIS LLP
> Attorneys for Defendant,
> Counterclaimant, Crossclaimant and
> Third Party Plaintiff,
> B.A.T. Wear, Inc.
>
>
> By: /s/ Marc J. Gross
>     MARC J. GROSS

Dated:   October 19, 2006

17

854873.01

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or pending arbitration or administrative proceeding. I further certify that no other Court action or arbitration is contemplated by defendant/counterclaimant/cross-claimant/third party plaintiff herein.

I declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Marc J. Gross
MARC J. GROSS

18

854873.01

## 7.1 CERTIFICATION

**MARC J. GROSS**, of full age, under oath, hereby declares as follows:

I am a member of the Bar of the State of New Jersey and admitted to practice before the United States District Court for the District of New Jersey.

I serve as counsel for defendant, B.A.T. Wear, Inc., and certify that neither B.A.T. Wear, Inc. or its subsidiaries, parent or affiliates are publicly traded or otherwise involve securities or other interests that are publicly held.

I declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Marc J. Gross
MARC J. GROSS

Dated:  October 18, 2006

19

854873.01