NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.N.H. EXPORTS, | Civil No. 06-3874 (AET) |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | |
| B.A.T. WEAR, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter is before the Court on Defendant Asif Rajput's Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60. The Court has decided this Motion based upon the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's Motion is granted.

BACKGROUND

On June 9, 2005, Plaintiff M.N.H. Exports, a Pakistani corporation in the business of textiles manufacturing and exporting, filed an action against Defendants Rajput and B.A.T. Wear, Inc. ("BAT Wear") in New York State Supreme Court, alleging that Defendants had not paid invoices for products that Plaintiff had shipped to Defendant BAT Wear. Plaintiff also alleged that Defendant Rajput acted either "individually or behalf of" Defendant BAT in these sales transactions.

Plaintiff alleged that Defendant Rajput was a resident of Queens, New York, and

therefore, venue in New York state court was appropriate.  Service of process was effected on Defendant Rajput by serving the summons and Complaint at Defendant Rajput's alleged place of business, the offices of Synergy, Inc. ("Synergy"), located at 715 South Avenue, East Cranford, New Jersey.  A copy of the summons and Complaint also was mailed to Synergy's address. (Hecht Cert., ¶ 5.)

On August 18, 2005, Defendant BAT Wear, a New Jersey corporation, removed the action to federal court in the Eastern District of New York.  (Id., ¶ 6.)  On September 2, 2005, Defendant Rajput's attorney, Gerald A. Bunting, filed an answer on Defendant Rajput's behalf, and asserted lack of personal jurisdiction, and lack of proper service, as affirmative defenses. (Id., ¶ 7; id., Ex. F (Memorandum and Order, Eastern District of New York))  Defendant BAT Wear subsequently filed a motion to dismiss, or, in the alternative, transfer venue to the District of New Jersey.  (Hecht Cert., ¶ 8.)  Defendant Rajput filed a cross-motion to dismiss for lack of personal jurisdiction, on grounds that he was, at the time the Complaint was filed, a citizen and resident of Pakistan, had done work as an agent for Synergy and Defendant BAT Wear in Pakistan, and had visited the United States infrequently since moving to Pakistan in 2002.  (Id., ¶ 10; id., Ex. D (Rajput Aff.); id., Ex. E (Ellner Aff.))  On July 25, 2006, Defendant BAT Wear's motion to dismiss was denied, and the case was transferred to this Court.  (Hecht Cert., ¶ 13.) The July 25, 2006 Order also denied Defendant Rajput's motion to dismiss for lack of personal jurisdiction without prejudice, and noted that transfer to a different forum may occur even in the absence of a court's personal jurisdiction over a defendant.  (Id., Ex. F.)

Defendant BAT Wear subsequently filed an answer, counterclaim, cross claim, and third party complaint, in this Court.  (Hecht Cert., ¶ 18.)  On November 29, 2006, Defendant BAT

Wear's counsel filed a motion to withdraw, which was granted by Magistrate Judge Hughes. (Id., ¶¶ 21-22.)  At no time did Defendant Rajput's attorney, Mr. Bunting, enter a notice of appearance.  (Id., ¶ 23.)  On May 21, 2007, Plaintiff filed a motion for default judgment, and served its papers via first class mail on Mr. Bunting.  On June 25, 2007, the Court entered default judgment in the amount of $554,038.95 against Defendants, and later awarded attorney's fees and costs in the amount of $7,102.00 to Plaintiff.  On December 10, 2007, a Writ of Wage Execution of Defendant Rajput's wages, in the amount of $561,140.95, was executed on Synergy.

Defendant Rajput asserts that he only learned of this action after being notified of the Writ of Wage Execution by Synergy, as he contends that Mr. Bunting never informed him that Plaintiff had filed a motion for default judgment, or that he had not opposed the motion on Defendant Rajput's behalf.  Defendant Rajput also maintains that Mr. Bunting did not forward him Plaintiff's motion papers.  Moreover, Mr. Bunting has not responded to Defendant Rajput's repeated attempts to contact him upon learning of the wage execution order.  Defendant Rajput now moves to vacate the default judgment entered against him on the grounds that judgment by this Court was void because it lacked personal jurisdiction over Defendant Rajput, and the Court's Order awarding attorneys' fees and costs to Plaintiff.

DISCUSSION

A.    Relief from Judgment

Fed. R. Civ. P. 60(b) provides for relief from a final judgment or order, because of, *inter alia*, "(4) the judgment is void;" or "(6) any other reason that justifies relief."  To determine whether vacating default judgment is proper under Rule 60(b), the Court should consider whether

vacating the default judgment will prejudice the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982). The Third Circuit has held that, in motions to vacate judgment pursuant to Rule 60(b)(6), a court should also consider whether there are extraordinary circumstances present that warrant relief, such as demonstrating that "an extreme and unexpected hardship will result" if relief is not granted. Budget Blinds, Inc. v. White, No. 06-2610, 2008 U.S. App. LEXIS 15958, at *28-29 (3d Cir. July 28, 2008).

      The Court, having considered these factors, finds that vacating its Order of default judgment is proper here. Plaintiff has incurred expenses in enforcing the judgment, but has not otherwise had to incur significant litigation costs, because there has been no notice of appearance by Defendant Rajput's counsel prior to this Motion, and, therefore, Plaintiff did not have to engage in lengthy discovery or substantive motion practice. Further, Defendant Rajput has raised the possibility that he has a meritorious defense, in that Plaintiff has alleged that he acted on behalf of Defendant BAT Wear, and, thus, he may not be liable for the acts of a disclosed principal. Moreover, Defendant Rajput has not engaged in any culpable conduct that resulted in the default judgment. His former attorney, Mr. Bunting, never entered a notice of appearance in this Court, nor filed a motion to withdraw as counsel, as Defendant BAT Wear's attorney did. Defendant Rajput states in his Affidavit that Mr. Bunting did not tell him that Plaintiff was moving for default judgment against him, and did not forward him Plaintiff's motion papers. As a result, Defendant Rajput is subject to a Writ of Wage Execution in the amount of $561,140.95. Given that Defendant Rajput has raised issues of fact implicating both a meritorious defense that he was acting as an agent on behalf of Defendant BAT Wear in the sales transactions with

Plaintiff, and that he may not be subject to the Court's exercise of *in personam* jurisdiction over him, the Court finds that Defendant Rajput has demonstrated that extraordinary circumstances exist. Accordingly, the Court will grant Defendant Rajput's Motion to vacate the default judgment.

The Court notes that Defendant Rajput has included affidavits from both himself, and Synergy's President, Gerald Ellner, in support of his argument that the Court lacks personal jurisdiction over him. Plaintiff's Opposition to this Motion did not address the issue of personal jurisdiction, but instead focused on whether vacating the default judgment would prejudice Plaintiff, or whether the default judgment was due to culpable conduct on the part of Defendant Rajput. In his Motion, Defendant Rajput asks for the Court to vacate the default judgment and either dismiss the action for lack of personal jurisdiction, remand the action to New York State Supreme Court and permit Plaintiff to re-serve Defendant Rajput, or permit Defendant Rajput to appear and defend the action in this Court. Because Defendant Rajput has preserved personal jurisdiction as an affirmative defense, and because the issue has not been presented to the Court prior to the Motion, and has not been fully briefed by both sides, the Court will retain the action on its docket. Defendant Rajput may either move to dismiss for lack of personal jurisdiction, or defend the action on its merits.

B.   Plaintiff's Request for a Bond

Plaintiff asks the Court, pursuant to Fed. R. Civ. P. 62(b), to require Defendant Rajput to post a bond in the amount of the judgment, less payments made through the garnishment of his wages pursuant to the Writ of Wage Execution. Plaintiff also requests that Defendant Rajput pay attorney's fees and costs expended to obtain the judgment from the time he defaulted.

Fed. R. Civ. P. 62(b) provides that "[o]n appropriate terms for the opposing party's security the court may stay the execution of a judgment - or any proceedings to enforce it - pending disposition of . . . motions . . . (4) under Rule 60 . . ." The Court finds that Rule 62(b) does not apply to Plaintiff's request. Defendant Rajput has not moved for a stay of the Writ of Wage Execution during the pendency of this Motion, and Plaintiff does not cite to any cases where a defendant was required to post a bond in the amount of judgment after an order of default judgment against him was vacated. Thus, the Court denies Plaintiff's request that Defendant Rajput be required to post a bond.

The Court notes that Plaintiff has incurred attorney's fees and costs in obtaining the Writ of Wage Execution to which it may be entitled. Plaintiff is instructed to file a Affidavit for Attorney's Fees and Costs that sets forth the amount of judgment it has already recovered from Defendant Rajput, and the attorney's fees and costs Plaintiff has incurred in enforcing judgment.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of August, 2008,

ORDERED that Defendant Asif Rajput's Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60 [62] is granted; and it is further

ORDERED that the Court's June 25, 2007 Order granting Plaintiff M.N.H. Exports Motion for Default Judgment [46] is vacated; and it is further

ORDERED that the Court's July 30, 2007 Order granting Plaintiff M.N.H. Exports attorney's fees and costs [49] is vacated; and it is further

ORDERED that Plaintiff M.N.H. Exports should submit an Affidavit of Attorney's Fees

and Costs, in connection with its efforts to enforce judgment, and list the amount of judgment already paid by Defendant Rajput pursuant to the Writ of Wage Execution, within thirty (30) days of this Order.

                                                                                  s/ Anne E. Thompson  
                                                                                  ANNE E. THOMPSON, U.S.D.J.