NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| M.N.H. EXPORTS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-3874 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| B.A.T. WEAR, INC., et al., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, District Judge

This matter is before the Court upon the Court's Order to Show Cause why the Court should not find that it lacks subject matter jurisdiction. The Court has considered the parties' arguments at the February 17, 2009 Show Cause hearing as well as the submissions of the parties in connection with Defendant Asif Rajput's Motion to Dismiss for lack of personal jurisdiction. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this case.

**I.   Background**

   **A.   Initial State Action**

On June 9, 2005, Plaintiff M.N.H. Exports, a Pakistani corporation, filed an action against Defendants Asif Rajput and B.A.T. Wear, Inc. in New York State Supreme Court alleging that B.A.T. Wear had not paid certain outstanding invoices and that individual Defendant Asif Rajput acted on behalf of Defendant B.A.T. Wear in connection with this

conduct. The Complaint alleges that Defendant B.A.T. Wear was a New Jersey corporation and that Defendant Rajput was a resident of Queens, New York at all times mentioned in the Complaint.

Plaintiff effected service on Defendant Rajput by personally serving the Summons and Complaint on Gerald Ellner, President of Synergy, Inc. ("Synergy") in Cranford, New Jersey, believing that Synergy was Defendant Rajput's place of business. Plaintiff also mailed a copy of the Summons and Complaint to Defendant Rajput's attention at Syngery's Cranford address.

      B.      **Removal to Federal Court**

On August 18, 2005, Defendant B.A.T. Wear removed the action to federal court in the Eastern District of New York. Defendant B.A.T. Wear subsequently filed a motion to dismiss, or, in the alternative, to transfer venue to the District of New Jersey, and Defendant Rajput filed a cross-motion to dismiss for lack of personal jurisdiction. On July 25, 2006, the Court in the Eastern District of New York granted the motion to transfer the case to this Court and denied Defendant Rajput's motion to dismiss without prejudice.

      C.      **Proceedings in the District of New Jersey**

           1.      <u>Default Judgment</u>

Although Defendant Rajput was represented by counsel while the case was pending in the Eastern District of New York, no attorney appeared on his behalf after the case was transferred to this Court nor did Rajput himself appear. B.A.T. Wear initially answered the Complaint in this Court, but B.A.T. Wear's counsel then withdrew from the case and no replacement counsel subsequently appeared on its behalf.

Plaintiff then moved for default judgment on January 31, 2007, and on June 25, 2007, the Court entered default judgment against both Defendants. By December 2007, Defendant Rajput

had made no payments on the judgment, and the Court, upon Plaintiff's motion, entered a Writ of Wage Execution against Defendant to be served on Synergy. B.A.T. Wear was by this point apparently in bankruptcy.

On May 22, 2008, new counsel appeared on behalf of Defendant Rajput and filed a motion to vacate the default judgment, claiming that Defendant Rajput's prior counsel never informed Defendant of the pending motion for default judgment and that Defendant only learned that default judgment had been entered when Synergy notified him of the wage garnishment. On August 4, 2008, the Court vacated its prior judgment and award of attorneys fees, finding that Rajput raised what appeared to be a meritorious defense on personal jurisdictional grounds and that he had not engaged in any culpable conduct that resulted in the entry of the default judgment. The Court instructed Defendant Rajput to either defend the action on the merits or to move for dismissal for lack of personal jurisdiction. However, the Court noted that Plaintiff had nonetheless incurred expenses in obtaining the Writ of Wage Execution and awarded Plaintiff $8,212.67 for attorney's fees and costs.

    2.  Motion to Dismiss for Lack of Personal Jurisdiction & Order to Show Cause

Defendant Rajput then moved to dismiss for lack of personal jurisdiction and for invalid service of process. Defendant also asked the Court to vacate its award of fees in connection with the Writ of Wage execution. In support of his motion, Rajput asserted that he was a Pakistani domiciliary, living and working in Pakistan from 2002 through 2007 and that therefore the New York State court had no personal jurisdiction over him at the time the suit was filed and he was served with the Complaint at Synergy in New Jersey. Before addressing Defendant's arguments

with respect to personal jurisdiction, the Court noted that it appeared from Rajput's submissions that this case was brought by an alien entity, M.N.H. Exports, a Pakistani corporation, against another alien, Rajput, and a citizen of New Jersey, B.A.T. Wear, and that as a result, the Court lacked subject matter jurisdiction under the complete diversity requirement of 28 U.S.C. § 1332(a)(2). See Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993) (complete diversity requirement applies to alienage jurisdiction under § 1332(a)(2)). The Court issued the instant Order to Show Cause and instructed the parties to address this issue.

At the Show Cause hearing, Rajput's counsel confirmed that Rajput was not a U.S. citizen and was domiciled in Pakistan between 2002 and 2007, but counsel also noted that Rajput was admitted to the United States for permanent residence during that period even though he was living in Pakistan. Plaintiff's counsel conceded that Plaintiff did not have any information regarding Rajput's domicile during that period.

**II.    Analysis**

Given these facts, the Court finds that it lacks subject matter jurisdiction over this case. Section 1332(a)(2) grants subject matter jurisdiction over cases between citizens of a State and citizens of a foreign state, but only where there is complete diversity of citizenship, that is, only where there is an alien on only one side of the case. See Singh, 9 F.3d at 305.[1] Here, M.N.H. Exports, an alien, brought suit against Defendant Rajput, another alien, and therefore there is not complete diversity of citizenship.

---

[1] Of course, if there are diverse citizens of States on both sides of the case, then there is jurisdiction under § 1332(a)(3) even if there are aliens on both sides of the case. See Dresser Indus. v. Underwriters at Lloyd's of London, 106 F.3d 494 (3d Cir. 1997). Here, however, there is only one citizen of a State on one side of the case, Defendant B.A.T. Wear of New Jersey. Therefore, the only possible jurisdiction is under § 1332(a)(2).

The Court notes that while § 1332(a) deems an alien admitted to the United States for permanent residence a citizen of the State in which that alien is domiciled, and Rajput was admitted for permanent residence, he was not domiciled in any State at the time the Complaint was filed and therefore is not deemed to be a citizen of any State but instead an alien. See Singh, 9 F.3d 303 (finding complete diversity where the alien on one side of the case was admitted for permanent residence *and was domiciled in a State*); § 1332(a) ("[A]n alien admitted to the United States for permanent residence shall be deemed a citizen *of the State in which such alien is domiciled*.") (emphasis added). The Court further notes that while Rajput is currently domiciled in the United States, he was not at the time the Complaint was filed, and post-filing changes of citizenship cannot cure defects in diversity jurisdiction. See Grupo Dataflux v. Atlas Global Group, 541 U.S. 567 (2004).

Because this Court lacks subject matter jurisdiction over this case, the Court will remand the case to the New York State Court from which it originated. See Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 271 (3d Cir. 2002) (where remand of a case first removed and then transferred to another federal district is appropriate, transferee federal court remands to the state court of origin). The Court will vacate the default judgment still pending against B.A.T. Wear as well as the award of attorney's fees and costs to Plaintiff in connection with the Writ of Wage Execution against Defendant Rajput. Further, to the extent the Court's orders granting the Writ of Wage Garnishment and Writ of Wage Execution themselves remain in force after the Court vacated the default judgment on August 4, 2008 as against Rajput, they will be vacated now. Finally, Defendant's motion to dismiss for lack of personal jurisdiction will be denied as moot.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 19th day of February, 2009,

ORDERED that this case be remanded to the New York State Court in which it originated; and it is further

ORDERED that the Court's Order granting Default Judgment in favor of Plaintiff, [46], is VACATED in its entirety against all Defendants; and it is further

ORDERED that to the extent the Court's Orders granting the Writ of Wage Garnishment and Writ of Wage Execution remain in force even after the Court's August 4, 2008 Order, [68], they are now VACATED; and it is further

ORDERED that the Court's Order awarding Plaintiff $8,212.67 in attorney's fees and costs, [72], is VACATED; and it is further

ORDERED that Defendant's Motion to Dismiss, [73], is DENIED as moot; and it is further

ORDERED that this case is CLOSED.

s/ Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J.